UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEQUNNE LYNN HERRON,

           Petitioner,

v.                                                          Case No. 15-13055
                                                            Honorable Nancy G. Edmunds
WILLIE SMITH,

           Respondent.
_____/


DEQUNNE LYNN HERRON,

           Petitioner,

v.                                                          Case No. 17-10944
                                                            Honorable Nancy G. Edmunds
SHIRLEE HARRY,

           Respondent.
_____/


## ORDER CONSOLIDATING CASE NO. 15-13055 WITH CASE NO. 17-10944

This matter has come before the Court on two *pro se* habeas corpus cases filed by state prisoner Dequnne Lynn Herron pursuant to 28 U.S.C. § 2254. For the reasons that follow, the cases will be consolidated.

### I. Background

Petitioner's habeas petitions challenge his Oakland County, Michigan convictions for one count of first-degree criminal sexual conduct and one count of assault with intent to do great bodily harm. The 2015 petition was filed on August 26, 2015, and raised three claims: 1) the trial court failed to properly instruct the jury; 2) Petitioner was denied the effective assistance of trial counsel; and 3) Petitioner was denied the effective assistance of appellate counsel. After Respondent moved to dismiss the 2015 petition and Petitioner moved for a stay, the Court denied

Respondent's motion and held the 2015 petition in abeyance pending completion of Petitioner's application for state post-conviction review. To avoid administrative difficulties, the Court closed the case for statistical purposes only. *See* Opinion and Order, Dkt. 14 in case number 15-13055. Since then, the Michigan Court of Appeals has denied leave to appeal the trial court's denial of Petitioner's post-conviction motion. *See People v. Herron*, No. 331194 (Mich. Ct. App. Apr. 28, 2016). And on December 28, 2016, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Herron*, 888 N.W.2d 72 (Mich. 2016) (table).

On March 23, 2017, Petitioner commenced the 2017 case by filing a brief in support of his habeas corpus petition. The grounds for relief in the 2017 brief are: 1) Petitioner was denied his right to due process by the trial court's failure to correctly instruct the jury; 2) Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel by counsel's failure to (a) investigate evidence, (b) cross-examine the complainant, (c) present a defense, and (d) provide correct legal advice; 3) appellate counsel deprived Petitioner of his Sixth Amendment right to effective assistance of counsel by failing to (a) file a timely application for leave to appeal in the Michigan Supreme Court, (b) notify Petitioner that a decision had been made in his case, and (c) forward documents to him; 4) the trial court lacked jurisdiction to convict Petitioner of a charge different from the one that was certified at the preliminary examination; 5) there was insufficient evidence to support Petitioner's convictions; and (6) Petitioner was denied the effective assistance of trial and appellate counsel.

## II. Discussion and Order

Under Federal Rule of Civil Procedure 42(a)(2), federal courts may consolidate actions that "involve a common question of law or fact." "Conservation of judicial resources is a

2

laudable goal," and whether cases involving the same factual and legal questions should be consolidated "is a matter within the discretion of the trial court."  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties."  *Id*.

Here, Petitioner's two cases challenge the same conviction and raise common issues.  A consolidation of the cases will promote judicial economy and is not likely to confuse the issues, burden the parties, or prejudice Petitioner.  Thus, it is not an abuse of discretion to consolidate Petitioner's habeas petitions.  It is **ORDERED** that cases 15-13055 and 17-10944 are **CONSOLIDATED**. It is further ORDERED that any future documents in these two cases should be filed in case number 15-13055.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: 6/14/17